Louis B. Heller, J.
The guardian ad litem for the defendant in this annulment action, appointed two years ago by order of the court pursuant to CPLR 1201 and 1202 “ to conduct the defense for the said defendant,” an adult nonadjudicated incompetent, moves for an order relieving her of her duties as such guardian on the ground that the defendant, who is gainfully employed and is apparently fully aware of the precise nature of this action, does not wish to have either the guardian ad litem or anyone else defend the action on his behalf.
While the state of the record at the time the guardian was appointed indicated a necessity for the court to intervene for the defendant’s protection (see Anonymous v. Anonymous, 3 A D 2d 590, 594), the court is satisfied that the duty imposed by CPLR 321 and 1201 has been fully discharged and no further useful purpose would be served by continuing the guardianship.
In the court’s view, the fact that defendant was heretofore a patient in an institution for the mentally ill (from which, according to a letter in the record, the patient received an “ outright discharge ” two years ago) is not evidence of an existing present inoompetency to attend to his affairs. (See Scheuer v. Atlantic Milling Sales Corp., 187 N. Y. S. 497.)
The motion of the guardian is granted and her fee will be fixed in the order. The cross application by the plaintiff that the action be restored to the calendar for trial on a date to be fixed in the order is also granted.